**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY**

In re:

BOYCE HYDRO, LLC, *et al.*   Chapter 11
                              Case No. 20-21214
　　　Debtors.[1]              Hon. Daniel S. Opperman

_____/

**ORDER GRANTING LIQUIDATING TRUSTEE'S MOTION TO APPROVE PROCEDURES AND DEADLINES FOR THE FILING AND SUBMISSION OF COVERED CLAIMS AND NON-DEBTOR SUBSTANTIVE CONSOLIDATION CLAIMS AND FOR RELATED RELIEF**

This matter having come before the Court upon the Liquidating Trustee's *Motion To Approve Procedures And Deadlines For The Filing And Submission Of Covered Claims And Non-Debtor Substantive Consolidation Claims And For Related Relief* ("Motion");[2] the Court having found that: (a) jurisdiction to consider the Motion is proper under 28 U.S.C. §§ 157 and 1334; (b) venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409; (c) notice of the Motion was properly provided; and (d) good cause exists to grant the relief requested in the Motion; and the Court being advised in the premises and having determined that the legal and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, are: (i) Boyce Hydro, LLC (6694), Case No. 20-21214 and (ii) Boyce Hydro Power, LLC (3034), Case No. 20-21215.

[2] Capitalized terms used but not defined have the meanings given to them in the Motion.

{00116765.DOC }　　　　　　　　　　　1

factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED** that:

1. The Motion is granted as set forth in this Bar Date Order.

2. The following Covered Claims Allowance Process, is hereby approved:

   i. **Creditors That Have Not Already Filed A Claim.**

   a. **Bar Date.** For those holders of Covered Claims that have not already filed a proof of claim, the deadline to submit a proof of claim of is 30 days after the Liquidating Trustee's mailing of the Bar Date Notice ("Bar Date").

   b. **Parties Required to Submit a Claim.** Any person or entity holding a pre-petition Covered Claim against the Debtors that has not already filed a proof of claim is required to file a claim by the Bar Date.

   c. **Submission Protocol**. Proof of claims must be submitted as follows:

      i. Each Proof of Claim must be submitted so as to actually be received by the Claims Agent on or before the Bar Date either by: (i) the interface available on the Claims Agent's website https://cases.stretto.com/boycehydro; or (ii) first-class U.S. Mail, overnight mail, or hand-delivery at the following address: Boyce Hydro Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; *provided, for the avoidance of doubt,* PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.

      ii. Each Proof of Claim must: (i) be written in English; (ii) include a Claim amount denominated in United States

dollars; (iii) conform substantially with the Official Form 410 (unless utilizing a Survivor Claim Form); (iv) be signed or electronically transmitted, through the interface available on the Claims Agent's website at: https://cases.stretto.com/boycehydro by the claimant or by an authorized agent or legal representative of the claimant; and (v) include supporting documentation in accordance with Fed. R. Bankr. P. 3001(c) and 3001(d).

    iii. Parties who submit a Proof of Claim by mail and who wish to receive proof of receipt thereof must include an additional copy of their Proof of Claim and a self-addressed, stamped envelope.

d. **Consequences of Failure to File.** In accordance with Bankruptcy Rule 3003(c)(2), any person or entity that is required, but fails, to submit a proof of claim on or before the Bar Date will be forever barred, estopped, and enjoined from asserting a Covered Claim against the consolidated estate of Boyce Hydro LLC, the consolidated estate of Boyce Hydro LLC will be forever discharged from any and all indebtedness or liability with respect to or arising from such Covered Claim, and the holder of such Covered Claim will not be entitled to participate in any distribution in this consolidated Chapter 11 case.

e. **Notice Procedures**. The Bar Date Notice attached as Exhibit 6a to the Motion, which outlines the Bar Date, the parties required to submit proof of claims, the submission protocol, and the consequences of failing to submit a proof of claim is hereby approved.

f. With the assistance of the Claims Agent, the Liquidating Trustee shall serve the Bar Date Notice along with a blank Proof of Claim (Official Form 410) on all creditors, all parties in interest, and all entities that have already filed a proof of claim in Debtors' cases.

g. Additionally, the Liquidating Trustee shall provide notice of the Bar Date by running the Bar Date Notice in Record & Clarion

(Gladwin County) and Midland Daily News (Midland County) for a period of one week simultaneous with the mailing of the Bar Date Notice.

ii. **Creditors That Have Submitted A Claim.**

    a. **Creditors Need Not Submit New Claims.** Creditors that have already submitted a Covered Claim need not submit a new claim. All Covered Claims on file as of the date of the Motion will be considered timely filed, with the Liquidating Trustee reserving all objections to the legal sufficiency of a Covered Claim.

    b. **Amendment Strongly Encouraged.** Creditors holding Covered Claims are strongly encouraged to amend their claim on or before the Bar Date. The Liquidating Trustee reserves all rights to object to and seek disallowance of claims.

    c. **Streamlining The Amendment Process.** If a creditor elects to amend its previously-submitted Covered Claim, it may do so by filing an amended proof of claim and submitting it to the Claims Agent. In addition, the following streamlined procedures are hereby approved:

        i. *Survivor Claim Form*. The Survivor Claim Form attached as Exhibit 6b to the Motion is hereby approved. Counsel representing multiple flood survivors may submit one omnibus amended proof of claim using the Survivor Claim Form. Each submission on the schedule to the Survivor Claim Form shall be treated as its own proof of claim for all purposes. Supporting documentation need not be attached to the Survivor Claim Form, but must be separately submitted by counsel for each flood survivor claimant on the Claim Agent's website at: https://cases.stretto.com/boycehydro.

        ii. *Opt-In*. Solely with respect to a claimant that has already submitted a Covered Claim, the claimant may amend its claim to Opt-In to a fixed dollar amount claim of $50,000 that will be used for purposes of calculating the creditor's

pro-rata distribution.  No matter the amount of the claimant's claim, the claim would be fixed for at $50,000 for purposes of calculating the creditor's pro-rata distribution.  In exchange, the claimant would not be required to provide documentation supporting its claim, but would be required to produce documentation evidencing that the claimant owned or leased real property in Midland, Saginaw, or Gladwin Counties, Michigan at the time of the dam breaches in May 2020.  Acceptable documentation would include tax or utility statements showing the claimant's name and property address.  **Selection of the Opt-In will not have any preclusive or precedential effect in any litigation brought by or on behalf of flood survivors**.

3. Utilization of the Survivor Claim Form and selection of the Opt-In will not have any preclusive or precedential effect in any litigation brought by or on behalf of flood survivors.

4. **Expunging Duplicate Claims.**  Solely with respect to claims filed before the date of the Motion and to the extent that a creditor has filed one claim against Debtor Boyce Hydro LLC and an identical claim against Debtor Boyce Hydro Power, LLC, the Liquidating Trustee is authorized to expunge duplicate claims filed against Debtor Boyce Hydro Power, LLC from the claims registry.

5. The following Non-Debtor Substantive Consolidation Claims Allowance Process is hereby approved:

> a. **Bar Date.**  Any person or entity required to a submit a claim against a Non-Debtor Substantive Consolidation Entity shall be required to file its claim on a date that is 30 days after the

Liquidating Trustee's mailing of the Non-Debtor Substantive Consolidation Notice ("<u>Non-Debtor Substantive Consolidation Bar Date</u>").

b. **Parties Required to Submit a Claim.** Any party that believes that it has a pre-petition[3] claim against any of the Non-Debtor Substantive Consolidation Entities shall be required to submit a proof of claim on or before the Non-Debtor Substantive Consolidation Bar Date. Pursuant to the Plan, no claims shall be allowed if filed by "an Insider of either of the Debtors or any Insider or beneficiary of BM or the Boyce Trusts." [Docket No. 481, p. 18 of 69].

c. **Identification of Creditors and Parties in Interest**. The procedures for identifying potential creditors and entities that may hold a claim described by the Liquidating Trustee in the Motion are hereby approved, and the Court find that these procedures satisfy the Liquidating Trustee's obligation to identify creditors and parties in interest of the Non-Debtor Substantive Consolidation Entities.

d. **Submission Protocol**. Proof of claims must be submitted as follows:

   i. Each Proof of Claim must be submitted so as to actually be received by the Claims Agent on or before the Non-Debtor Substantive Consolidation Bar Date either by: (i) the interface available on the Claims Agent's website at: https://cases.stretto.com/boycehydro; or (ii) first-class U.S. Mail, overnight mail, or hand-delivery at the following address: Boyce Hydro Claims Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; *provided, for the avoidance of doubt,* <u>PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED</u>.

---

[3] The Plan states that July 31, 2020 is the date to be utilized as the Petition Date for Non-Debtor Substantive Consolidation Entities. [Docket No. 481, p. 18 of 69].

    ii. Each proof of claim must: (i) identify the Non-Debtor Substantive Consolidation Entity that the Claim is asserted against; (ii) be written in English; (iii) include a Claim amount denominated in United States dollars; (iv) conform substantially with the Official Form 410; (v) be signed or electronically transmitted, through the interface available on the Claims Agent's website at: https://cases.stretto.com/boycehydro by the claimant or by an authorized agent or legal representative of the claimant; and (vi) include supporting documentation in accordance with Fed. R. Bankr. P. 3001(c) and 3001(d).

    iii. Parties who submit a Proof of Claim by mail and who wish to receive proof of receipt thereof must include an additional copy of their Proof of Claim and a self-addressed, stamped envelope.

e. **Consequences of Failure to File.** In accordance with Bankruptcy Rule 3003(c)(2), any person or entity that is required, but fails, to submit a proof of claim on or before the Non-Debtor Substantive Consolidation Bar Date will be forever barred, estopped, and enjoined from asserting a claim against the consolidated estate of Boyce Hydro LLC; the consolidated estate of Boyce Hydro LLC will be forever discharged from any and all indebtedness or liability with respect to or arising from such claim; and the holder of such claim will not be entitled to participate in any distribution in this consolidated Chapter 11 case.

f. **Notice Procedures**. The Non-Debtor Substantive Consolidation Bar Notice attached as Exhibit 6c to the Motion, which outlines the Non-Debtor Substantive Consolidation Bar Date, the parties required to submit proof of claims, the submission protocol, and the consequences of failing to submit a proof of claim are hereby approved.

g. With the assistance of the Claims Agent, the Liquidating Trustee will serve the Non-Debtor Substantive Consolidation Bar Notice on all creditors and parties in interest as identified herein.

6. Notice of the Bar Date and Non-Debtor Substantive Consolidation Bar Date (collectively, "Bar Dates") as set forth in this Bar Date Order and in the manner set forth herein (including, the Bar Date Notice, the Non-Debtor Substantive Consolidation Bar Date Notice, the Pre-Distribution Certifications, and any supplemental notices that the Liquidating Trustee may send from time to time) constitutes adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Plan, and the Liquidating Trust Agreement.

7. The terms and conditions of this Bar Date Order shall be immediately effective and enforceable upon entry of the Bar Date Order.

8. The Liquidating Trustee is authorized to take all actions necessary to effectuate the relief granted in this Bar Date Order in accordance with the Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

**Signed on June 9, 2022**



/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge